UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATA S. BOB; KENNETH THOMAS; YUSUF RAHEEM, | |
| Petitioners, | |
| -against- | 19-CV-8226 (CM) |
| THOMAS DECKER, DHS/ICE DIRECTOR OF DETENTION / REMOVAL; HUDSON COUNTY CORRECTIONS & REHABILITATION (JAIL) WARDEN; MEDICAL DEFENDANTS (JOHN DOE), | ORDER |
| Respondents. | |

COLLEEN McMAHON, Chief United States District Judge:

Petitioners Nata Bob, Kenneth Thomas, and Yusuf Raheem jointly filed this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, while all three were detained at the Hudson County Jail in the custody of the Department of Homeland Security's (DHS) Immigration and Customs Enforcement (ICE). Petitioners style their petition as a class action, in which they challenge the adequacy of their medical treatment.

By order dated September 10, 2019, the Court directed Petitioners to pay the filing fee or submit applications to proceed *in forma pauperis*. Petitioner Kenneth Thomas paid the filing fee for this action. And Petitioner Yusuf Raheem recently filed his own § 2241 petition in this Court, *Raheem v. Barr*, ECF 1:19-CV-9134 (VSB) (S.D.N.Y. filed Sept. 30, 2019), challenging his ongoing detention.[1] But the order sent to Petitioner Bob Nata was returned to the Court as

---

[1] Both Nata and Raheem also already have pending § 2241 petitions in the United States District Court for the District of New Jersey. *See Bob v. Warden*, No. 19-CV-16550 (KM) (D.N.J.) (petition challenging detention); *Yusef R. v. Warden of Hudson Cty. Corr. Jail*, No. 19-CV-16551 (BRM) (D.N.J., petition filed on Aug. 9, 2019).

undeliverable, and according to ICE's public records, he is currently detained in Natchez, Mississippi.

For the reasons set forth below, the Court directs the Clerk of Court to sever the claims of Petitioners Nata Bob and Yusuf Raheem and open each as a separate civil action, leaving Kenneth Thomas's claims to proceed in this action.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

The class action provisions of Rule 23 of the Federal Rules of Civil Procedure do not apply to *habeas corpus* proceedings, but "a federal court may permit multi-party habeas actions similar to the class actions authorized by the Rules of Civil Procedure when the nature of the claim so requires." *United States ex rel. Sero v. Preiser*, 506 F.2d 1115, 1125 (2d Cir. 1974). In *Sero*, the Second Circuit allowed multiple *habeas* petitioners to proceed in a single petition for a

writ of *habeas corpus* under 28 U.S.C. § 2241 where they asserted the same claim "on behalf of the entire class, uncluttered by subsidiary issues," and "[t]he considerable expenditure of judicial time and energy in hearing and deciding numerous individual petitions presenting the identical issue [would] thereby [be] avoided. *Id.* at 1125-26.

Here, three Petitioners challenge the medical care that they received in DHS/ICE custody. Petitioner Bob Nata alleges that since he was taken into custody on May 8, 2019, DHS/ICE has not provided constitutionally adequate medical care or medication for his nerve damage, which resulted from a 1998 injury he sustained while doing construction work. Petitioner Kenneth Thomas alleges that since he was taken into custody on May 7, 2019, DHS/ICE has not provided constitutionally adequate medical care or medication for his hypertension, diabetes, and knee and shoulder injuries. Petitioner Yusuf Raheem alleges that he received constitutionally inadequate dental care in DHS/ICE custody. All three Petitioners seek damages, and the Court liberally construes the petition as also seeking injunctive relief in the form of adequate medical care.

The three petitioners in this multi-party petition do not present the same legal claim "uncluttered by subsidiary issues." *Sero*, 506 F.2d at 1125. Instead, the question of whether DHS/ICE has denied any Petitioner constitutionally adequate medical care turns on facts unique to each Petitioner. The Court therefore concludes that it is appropriate to sever the claims of Petitioners Nata Bob and Yusuf Raheem and open each as a separate civil action, leaving Kenneth Thomas's claims to proceed in this action.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Petitioner, and note service on the docket. The Court directs the Clerk of Court to sever the claims of Petitioners Nata Bob and Yusuf Raheem and open each as a new civil action under

28 U.S.C. § 2241. Petitioner Kenneth Thomas's claims will proceed in the action under docket number 19-CV-8226 (CM).

Because the petition at this time makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   October 15, 2019
         New York, New York

                                                    _____
                                                    COLLEEN McMAHON
                                                    Chief United States District Judge